UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD CALE, | CASE NO. C17-1099-MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| UNITED STATES, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss. (Dkt. No. 35.) Having reviewed the Motion, the Response (Dkt. No. 38), the Reply (Dkt. No. 47) and all related papers, the Court GRANTS the Motion.

**Background**

Plaintiff Edward Cale filed this action claiming that, during the course of his employment with the United States Postal Service ("USPS"), he was subjected to harassment, bullying, physical assault, and employment discrimination by various managers and employees.[1] (See

---

[1] Plaintiff initially filed this action in King County District Court, seeking an Order of Protection against USPS employee Navdeep Dhaliwal. (Dkt. No. 1, Ex. A.) The United States

ORDER GRANTING MOTION TO DISMISS - 1

1 Dkt. No. 14.) In particular, Plaintiff claims he was injured when (1) his supervisor once told him
2 to stand in "poison"; (2) his supervisor once "grabbed [his] hand and violently ripped it towards
3 her"; (3) he was once overcome by a strong odor while working; and (4) he was once attacked or
4 menaced by dogs while working. (Id.) Plaintiff further claims that he was subjected to
5 discrimination because he is a Caucasian male. (Id.) Plaintiff appears to assert claims for hostile
6 work environment; physical assault; retaliation; violation of Title VII of the Civil Rights Act of
7 1964 ("Title VII"), 42 U.S.C. § 2000e; and violation of the Comprehensive Environmental
8 Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9610. (Id.)

9 The United States now moves to dismiss for lack of subject matter jurisdiction and failure
10 to state a claim.

**Discussion**

**I. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court construes the complaint in the light most favorable to the non-movant. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); see also Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). The Court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Where, as here, a

---

removed the case to Federal Court, and the Court entered an order substituting the United States as defendant pursuant to the Federal Tort Claims Act ("FTCA"). (Dkt. No. 9.)

plaintiff appears pro se, the Court must construe his pleadings liberally and afford the plaintiff the benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

## II. Rule 12(b)(1)

### A. Tort Claims

Because each of Plaintiff's tort claims arise from the action of a federal employee "acting within the scope of [her] office or employment,"[2] his exclusive remedy is the FTCA, 28 U.S.C. § 2679(b)(1). Before filing a claim under the FTCA, a plaintiff must exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional," and as such "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity.") (internal quotation marks ad citation omitted). Plaintiff has never presented an administrative claim to USPS. (Dkt. No. 35 at 6; Dkt. No. 37 at ¶¶ 4, 6.) Because Plaintiff has failed to exhaust his administrative remedies, the Court finds that it is without jurisdiction to hear his tort claims.

### B. Title VII Claims

Before filing a claim for employment discrimination on the basis of race, ethnicity, religion, or gender, a federal employee must exhaust administrative remedies. Bullock v. Berrien, 688 F.3d 613, 616 (9th Cir. 2012). The Ninth Circuit has explained this requirement as follows:

---

[2] The United States Attorney for the Western District of Washington has certified that Ms. Dhaliwal was acting in the course and scope of her employment. (See Dkt. No. 4.)

> To exhaust administrative remedies, the aggrieved federal employee must first attempt to resolve the matter by filing an informal complaint that triggers counseling by an EEOC Counselor. 29 C.F.R. § 1614.105(a). If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ. See id. §§ 1614.105(d), 1614.106. The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(a)-(b).

Id. While Plaintiff initiated a complaint with the EEOC, he did so on June 28, 2017, and the agency has yet to issue a notice of final action. (Dkt. No. 35 at 9; Dkt. No. 36 at ¶¶ 2-4, Ex. A.) Further, he filed his judicial complaint just days later on July 7, 2017, well before the expiration of the 180-day term. (See Dkt. No. 1.) Because Plaintiff has failed to exhaust his administrative remedies, the Court finds that it is without jurisdiction to hear his Title VII claim.

### C. CERCLA Claim

CERCLA does not provide a private right of action against the United States. See 42 U.S.C. § 9610. Instead, it provides that "[a]ny employee . . . who believes that he has been fired or otherwise discriminated against . . . may, within thirty days after such alleged violation occurs, apply to the Secretary of Labor for a review of such firing or alleged discrimination." 42 U.S.C. § 9610(b). The Secretary of Labor's determination is then subject to judicial review. Id. Because Plaintiff has not followed this procedure, and the United States has not waived its sovereign immunity, the Court finds that it is without jurisdiction to hear his claim under CERCLA.

### III. Rule 12(b)(6)

The United States moves to dismiss Plaintiff's claims concerning wrongdoing by his labor union. (Dkt. No. 14 at 1-2). Because Plaintiff's complaints about his labor union do not state claims against the United States, the Court dismisses each of these claims under Rule 12(b)(6).

## IV. Leave to Amend

While leave to amend is ordinarily granted, dismissal without leave to amend is proper where it is clear that "the complaint could not be saved by any amendment." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013). Having found that Plaintiff filed this case before exhausting his administrative remedies, the Court declines to grant leave to amend, as no amendment could save Plaintiff's claims from dismissal.

## Conclusion

Because Plaintiff has failed to exhaust administrative remedies with regard to each of his claims, and because no amendment could save his claims, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's claims are hereby dismissed without leave to amend. Having dismissed his claims, the Court hereby DENIES Plaintiff's recent request for appointment of counsel. (Dkt. No. 48.)

The clerk is ordered to provide copies of this order to all counsel.

Dated April 23, 2018.

Marsha J. Pechman
United States District Judge